

1   GREGORY S. WALSTON, State Bar No. 196776
    ORESTES A. CROSS, State Bar No. 250471
2   WALSTON CROSS, P.C.
    735 Montgomery Street, Suite 250
3   San Francisco, California 94133
    Telephone: (415) 956-9200
4   Facsimile: (415) 956-9205
    Email: gwalston@walstonlaw.com
5
    ATTORNEYS FOR PLAINTIFFS
6   JAMES T. GAVIN
    CARLOS FLORES                        **E-filing**
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10
    JAMES T. GAVIN and CARLOS FLORES,        **CV11 0994**
11
                    Plaintiff,
12                                           **PLAINTIFFS' COMPLAINT FOR
          v.                                 PATENT INFRINGEMENT;**
13                                           **DEMAND FOR JURY TRIAL**
    QUABBIN INC., a corporation; ALL
14  PRINTING RESOURCES INC., a
    corporation; and PRINT TECH SOLUTIONS
15  LTD., a corporation,

16                  Defendants.

17

18        Plaintiffs JAMES T. GAVIN and CARLOS FLORES allege as follows:
19
                            **INTRODUCTION**
20
          1.    This is an action in law and equity for patent infringement arising out of
21
    Defendants infringement of Plaintiffs' U.S. Patent No. 5,150,651 ("the 5,150,651 Patent"), in
22
    violation of the Patent Laws of the United States, as set forth in 35 U.S.C.§§ 271 and 281-285.
23
                              **PARTIES**
24
          2.    Plaintiff JAMES T. GAVIN (hereinafter "Plaintiff GAVIN") is a natural person
25
    residing in the State of California, County of Contra Costa, who lawfully operates a business
26
    from his place of residence.
27

28

                                    - 1 -

1    3.    Plaintiff CARLOS FLORES (hereinafter "Plaintiff FLORES") is a natural person
2    residing in the State of California, County of San Francisco.

3    4.    Upon information and belief, Defendant QUABBIN INC. (hereinafter "Defendant
4    QUABBIN") is a corporation, having its address and principal place of business at 61 East River
5    St., Orange, MA 01364.

6    5.    Upon information and belief, Defendant ALL PRINTING RESOURCES, INC.
7    (hereinafter "Defendant ALL PRINTING") is a corporation, having its address and principal
8    place of business at 140 W. Lake Dr., Glendale Heights, IL 60139.

9    6.    Upon information and belief, Defendant PRINT TECH SOLUTIONS LTD.
10   (hereinafter "Defendant PRINT TECH") is a corporation, having its address and principal place
11   of business abroad.

12                        **JURISDICTION AND VENUE**

13   7.    This Court has jurisdiction over the subject matter of this action pursuant to 28
14   U.S.C. §§ 1331 and 1338.

15   8.    This Court has personal jurisdiction over Defendant QUABBIN upon information
16   and belief, Defendant QUABBIN: (1) regularly solicits business in California; (2) has advertised,
17   offered to sell, and has sold a product in California that infringes on one or more claims of the
18   5,150,651 Patent in this judicial district and elsewhere; and (3) willfully infringed on Plaintiffs
19   5,150,651 Patent, in which Defendant QUABBIN knew or should have known Plaintiffs reside
20   in California and Defendant QUABBIN knew or should have known the brunt of Plaintiffs harm
21   would be suffered in California.

22   9.    This Court has personal jurisdiction over Defendant ALL PRINTING upon
23   information and belief, Defendant ALL PRINTING (1) regularly solicits business in California;
24   (2) has advertised, offered to sell, and has sold a product in California that infringes on one or
25   more claims of the 5,150,651 Patent in this judicial district and elsewhere; and (3) willfully
26   infringed on the 5,150,651 Patent, in which Defendant ALL PRINTING knew or should have
27   known Plaintiffs reside in California and Defendant ALL PRINTING knew or should have
28   known the brunt of Plaintiffs harm would be suffered in California.

10. This Court has personal jurisdiction over Defendant PRINT TECH upon information and belief, Defendant PRINT TECH: (1) regularly solicits business in California; (2) has advertised, offered to sell, and has sold a product in California that infringes on one or more claims of the 5,150,651 Patent in this judicial district and elsewhere; and (3) willfully infringed on the 5,150,651 Patent, in which Defendant PRINT TECH knew or should have known Plaintiffs reside in California and Defendant PRINT TECH knew or should have known the brunt of Plaintiffs harm would be suffered in California.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FIRST CAUSE OF ACTION

## AGAINST ALL DEFENDANTS

## INFRINGEMENT OF U.S. PATENT NO. 5,150,651

12. Plaintiff FLORES is the inventor of the 5,150,651 Patent and owns a partnership interest in and to an improved doctor-blade assembly for a flexographic press having an ink metering roller. The improved doctor-blade assembly includes an ink fountain having elastomer seals to improve end sealing of the ink fountain and to improve division of the fountain into discrete sections without cross bleed of different inks, and in which the assembly includes protective guard boots on an actuating mechanism that displaces the ink fountain into operating position with an ink metering roller to prevent crusting of ink in the actuating mechanism, affecting alignment of the assembly in the operating position.

13. Plaintiff GAVIN owns a partnership interest in and to an improved doctor-blade assembly for a flexographic press having an ink metering roller. The improved doctor-blade assembly includes an ink fountain having elastomer seals to improve end sealing of the ink fountain and to improve division of the fountain into discrete sections without cross bleed of different inks, and in which the assembly includes protective guard boots on an actuating mechanism that displaces the ink fountain into operating position with an ink metering roller to prevent crusting of ink in the actuating mechanism, affecting alignment of the assembly in the operating position.

1    14.    Upon information and belief, the Ink Seals manufactured, marketed, used, sold
2    and/ or offered for sale by Defendant QUABBIN, in the United States infringes one or more
3    claims of the 5,150,651 Patent. Defendant QUABBIN also infringed on the 5,150,651 Patent by
4    knowingly and actively inducing others to infringe through the sale and use of the 5,150,651
5    Patent.

6    15.    Upon information and belief, the End Seals manufactured, marketed, used, sold,
7    and/ or offered for sale by Defendant ALL PRINTING, in the United States infringes one or
8    more claims of the 5,150,651 Patent. Defendant ALL PRINTING also infringed on the
9    5,150,651 Patent by knowingly and actively inducing others to infringe through the sale and use
10   of the 5,150,651 Patent.

11   16.    Upon information and belief, the Chamber End Seals manufactured, marketed,
12   used, sold, and/ or offered for sale by Defendant PRINT TECH, in the United States infringes
13   one or more claims of the 5,150,651 Patent. Defendant PRINT TECH also infringed on the
14   5,150,651 Patent by knowingly and actively inducing others to infringe through the sale and use
15   of the 5,150,651 Patent.

16   17.    Upon information and belief, Defendant QUABBIN has, therefore, willfully,
17   deliberately and wantonly engaged in acts of infringement of the 5,150,651 Patent and such acts
18   of infringement causing irreparable harm will continue, with no adequate remedy at law, unless
19   enjoined by this Court according to 35 U.S.C. § 283.

20   18.    Upon information and belief, Defendant ALL PRINTING has, therefore,
21   willfully, deliberately and wantonly engaged in acts of infringement of the 5,150,651 Patent and
22   such acts of infringement causing irreparable harm will continue, with no adequate remedy at
23   law, unless enjoined by this Court according to 35 U.S.C. § 283.

24   19.    Upon information and belief, Defendant PRINT TECH has, therefore, willfully,
25   deliberately and wantonly engaged in acts of infringement of the 5,150,651 Patent and such acts
26   of infringement causing irreparable harm will continue, with no adequate remedy at law, unless
27   enjoined by this Court according to 35 U.S.C. § 283.

28

1    20.    Upon information and belief, Defendants knowingly, willfully, and wantonly

2  infringed the 5,150,651 Patent, entitling Plaintiffs to increased damages pursuant to 35 U.S.C. §

3  284, and attorneys' fees incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

4                                          **PRAYER FOR RELIEF**

5            WHEREFORE, Plaintiffs pray for judgment as follows:

6                    1.  For an award of compensatory damages in an amount to be proven at trial;

7                    2.  For a preliminary and permanent injunction enjoining further infringement

8                        and inducement of the 5,150,651 Patent;

9                    3.  For an award of enhanced damages pursuant to 35 U.S.C. § 284;

10                   4.  A finding that this case is exceptional and an award to Plaintiffs of their

11                       attorneys' fees and costs as provided under 35 U.S.C. § 285; and

12                   5.  For all other relief the Court deems just and proper.

13                                         **DEMAND FOR JURY TRIAL**

14   **Plaintiff demands trial by jury.**

15   Dated: February $\underline{\{}$, 2011                    Respectfully Submitted,

16                                                            WALSTON CROSS, Attorneys

17

18
                                                            By:\Gregory S. Walston
19
                                                            Attorney for Plaintiff
20

21

22

23

24

25

26

27

28

                                                   - 5 -